```
                                              FILED
        UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF ALABAMA     02 NOV 19 PM 12:20
              SOUTHERN DIVISION
                                          U.S. DISTRICT COURT
                                          N.D. OF ALABAMA
LISA P. CORLEY,                )
                               )
     Plaintiff,                )
                               )
vs.                            )       Civil Action No. CV-02-S-1295-S
                               )
TERMINIX INTERNATIONAL         )       ENTERED
COMPANY LIMITED PARTNERSHIP,   )
                               )
     Defendant.                )       NOV 1 9 2002
```

MEMORANDUM OPINION

This action involves claims of employment discrimination brought by plaintiff, Lisa P. Corley, based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3) *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d)(1). The case presently is before the court on defendant's motion to compel arbitration of plaintiff's claims (doc. no. 13). Upon consideration of the pleadings and briefs, the court concludes that the motion is due to be denied.

### I. FACTUAL BACKGROUND

Plaintiff, an African-American female, began employment with defendant, Terminix International Company Limited Partnership, as a service technician on June 23, 2000.[1] A little over one month after beginning her employment, August 2, 2000, she signed an employment agreement. That contract did not contain an arbitration clause. The following year, on November 6, 2001, plaintiff signed a second employment agreement. That contract contained the following provision:

> **Agreement to Mediate and Arbitrate.** The Employer and Employee agree that, to the fullest extent permitted by law, any and all disputes between them will be submitted to mediation upon terms mutually agreeable to both parties. In the event

---
[1] Doc. no. 1 (Complaint) ¶ 7, at 2.



> the parties do not resolve such controversies through mediation, then the Employer and Employee agree that, to the fullest extent permitted by law, any and all controversies between them will be submitted for resolution to binding arbitration in accordance with the attached Arbitration Agreement, which is incorporated herein by reference. The parties understand and agree that in the event mediation is unsuccessful, then arbitration will be the exclusive forum for resolving disputes between them, including statutory claims and all disputes arising out of the employment relationship and the termination of such relationship. The Employee and Employer expressly waive their entitlement, if any, to have controversies between them decided by a court or jury. The attached Arbitration Agreement is incorporated herein.[2]

The employment agreement also provided that "[t]his Agreement supersedes any and all other agreements, whether written, oral, expressed, or implied, between the parties and is the entire agreement of the parties concerning the subjects covered herein." The "Arbitration Agreement" attached to the employment agreement contained the following statements:

> This Agreement is between Employer and Employee. In consideration for the promises and undertakings set forth below, Employer and Employee agree to the following terms:
>
> 1.  **Agreement to Arbitrate All Employment Disputes.** Private arbitration is the referral of a dispute to an impartial third party, instead of a court or jury, for a final and binding decision. Any dispute arising out of Employee's employment with Employer, including termination of employment and all statutory claims, will be submitted to binding arbitration administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes, or as mutually agreed. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. Employer and Employee each expressly waive entitlement, if any, to have any such dispute heard before a court or a jury.
>
> 2.  **Time Limits for Initiating Arbitration.** In the case of a dispute involving statutory rights, either party may initiate arbitration by notifying the other in writing within the time limit established by statute. As to disputes not involving statutory rights, either party may, within one year of the occurrence of the event giving rise to the dispute, initiate arbitration by notifying the other in writing. Failure to initiate arbitration within such one-year period, or the applicable statutory period,

---

[2]Doc. no. 13 (Memorandum in Support of Defendant Terminix International Company Limited Partnership's Motion to Compel Arbitration), Ex. 2.

2

or such extended period as may be mutually agreed upon in writing, will constitute a waiver of any and all claims and such claims will be forever barred.[3]

The "Arbitration Agreement" further provided that "[n]othing in the Agreement will prevent Employee from filing a complaint with the Equal Employment Opportunity Commission, or any other federal or state agency charged with protecting the rights of Employee."[4]

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 17, 2001, alleging that defendant had discriminated against her on the basis of her race, gender, and disability.[5] Plaintiff and defendant attempted mediation of plaintiff's claims on November 28, 2001, but were unsuccessful. Plaintiff's employment was terminated on January 3, 2002. After satisfying the administrative prerequisites,[6] plaintiff filed this action on May 24, 2002.

## II. DISCUSSION

Plaintiff contends that arbitration should not be compelled because: defendant has waived its right to arbitrate; the arbitration agreement was invalid; the agreement does not apply retroactively; and the costs of arbitration are prohibitive, such that she would be deprived of a forum in which to bring her claims. For the reasons stated below, the court concludes that plaintiff's first argument — that defendant has waived its right to arbitrate — has merit.

> The Federal Arbitration Act governs the question of who must decide issues of arbitrability. Under the Act, a district court must compel arbitration if the parties have agreed to arbitrate their dispute. 9 U.S.C. §§ 2, 3 (1988). However, if the validity of the agreement to arbitrate is at issue, a district court, not a panel of arbitrators, must decide if the arbitration clause is enforceable against the parties. *Id.*

---

[3]*Id.*, Ex. 3.
[4]*Id.*
[5]Doc. no. 16 (Plaintiff's Objection to Defendant's Motion to Compel Arbitration), Tab A, Ex. 2.
[6]Doc. no. 1 (Complaint) ¶ 3, at 2.

3

> § 4; *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 87 S. Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967) (holding that if the making of the arbitration agreement is an issue "the federal court may proceed to adjudicate it"). Simply put, parties cannot be forced to submit to arbitration if they have not agreed to do so. *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 478, 109 S. Ct. 1248, 1255, 103 L.Ed.2d 488 (1989); *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419 (11th Cir. 1990) (per curiam). Thus, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 3353, 87 L.Ed.2d 444 (1985).

*Chastain v. Robinson-Humphrey Company, Inc.*, 957 F.2d 851, 853-54 (11th Cir. 1992). The Supreme Court also has instructed that

> questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42, 74 L. Ed. 2d 765 (1983). "Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 3353-54, 87 L. Ed. 2d 444 (1985).

Section 2 of the Federal Arbitration Act "makes 'valid, irrevocable, and enforceable' only two types of contracts: those relating to a maritime transaction and those involving commerce." *Bernhardt v. Polygraphic Company of America, Inc.*, 350 U.S. 198, 200, 76 S. Ct. 273, 275, 100 L. Ed. 2d 199 (1956). The Supreme Court directs district courts to accord an expansive construction to the phrase "involving commerce." *See Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 268, 115 S. Ct. 834, 836, 130 L. Ed. 2d 753 (1995). Additionally, the Court has construed the phrase

4

"involving commerce" as being the functional equivalent of "affecting commerce": a phrase that "normally signals Congress' intent to exercise its Commerce Clause powers to the full." *Id.* at 273, 115 S. Ct. at 839; *see also Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1060 (11th Cir. 1998) (Cox and Tjoflat, JJ., concurring) (noting that "[t]he FAA's provisions concerning the validity of arbitration clauses reach to the edge of Congress's power under the Commerce Clause"). Employment contracts, other than contracts of employment of transportation workers, are not exempt from the FAA. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119, 121 S. Ct. 1302, 1311, 149 L. Ed. 2d 234 (2001). Plaintiff does not dispute that the FAA is applicable here, or that it governs enforcement of the arbitration clause. Rather, plaintiff's arguments are directed to the issue of whether the clause should be enforced.

As to plaintiff's contention that defendant has waived its right to arbitrate, the Eleventh Circuit has held that,

> despite the strong policy in favor of arbitration, a party may, by its conduct waive its right to arbitration. Thus, a party that "[s]ubstantially invok[es] the litigation machinery" prior to demanding arbitration may waive its right to arbitrate." A party has waived its right to arbitrate if, "under the totality of the circumstances, the . . . party has acted inconsistently with the arbitration right," and, in so acting, has in some way prejudiced the other party. When determining whether the other party has been prejudiced, we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process.

*S & H Contractors, Inc. v. A.J. Taft Coal Company, Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (citations omitted).

Although neither party has raised this issue, the starting point for analyzing whether defendant has waived its right to arbitrate is the arbitration agreement itself. The second paragraph of the arbitration agreement provides time limits for initiating arbitration, and the relevant portion

5

of that provision states: "In the case of a dispute involving statutory rights, either party may initiate arbitration by notifying the other in writing within the time limit established by statute."[7]

Plaintiff has brought federal statutory claims based upon Title VII, 42 U.S.C. § 1981, the Fair Labor Standards Act, and the Equal Pay Act. Accordingly, the court must determine whether defendant initiated arbitration within the relevant statutory period and, if so, whether defendant nonetheless has waived its right to arbitration by its conduct.

For claims based upon Title VII, an individual who is issued a notice of right to sue by the EEOC must file her civil action within 90 days of receipt of the notice. 42 U.S.C. § 2000e-5(f)(1). Pursuant to the EEOC's regulations, when a person who claims to be aggrieved requests that a notice of right to sue be issued, the EEOC must issue the notice to "*all parties.*" 29 C.F.R. § 1601.28(a) (emphasis supplied). While the record does not contain a copy of the notice of right to sue issued to plaintiff, her complaint alleges that she received it, and filed this civil action within the 90-day limitation period. Defendant, however, did not seek to compel arbitration until October 9, 2002. Even assuming that the date plaintiff filed this action — *i.e.*, May 24, 2002 — was the first day of the 90-day limitations period, defendant failed to initiate arbitration within the time limits specified in the arbitration agreement.

Unlike Title VII, § 1981 does not contain an express statute of limitations. As a result, the Supreme Court instructs district courts to "select the most appropriate or analogous state statute of limitations" from the state in which the allegedly discriminatory act occurred. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-61, 107 S. Ct. 2617, 2620, 2621, 96 L. Ed. 2d 572 (1987); *see also Wilson v. Garcia*, 471 U.S. 261, 266-68, 105 S. Ct. 1938, 1941-43, 85 L. Ed. 2d 254 (1985). In

---

[7]Doc. no. 13 (Memorandum in Support of Defendant Terminix International Company Limited Partnership's Motion to Compel Arbitration), Ex. 3.

Alabama, that limitations period is two years. *See Peterson v. BMI Refractories*, 132 F.3d 1405, 1414 n.16 (11th Cir. 1998) (holding that § 1981 intentional discrimination claims arising out of acts occurring in Alabama are governed by Alabama Code § 6-2-38(l) (1975), the state's general, two-year limitations period applicable to personal injury actions); *see also Goodman*, 482 U.S. at 661-64, 107 S. Ct. at 2620-22 (holding that the court of appeals correctly applied Pennsylvania's two year statute of limitations for personal injury actions to § 1981 claims). Claims brought under the Fair Labor Standards Act and the Equal Pay Act share the same statute of limitations — that is, actions must be commenced within two years after the cause of action accrued. *See* 29 U.S.C. § 255(a). Defendant initiated arbitration within each statute's two year limitations period; however, the court still must assess whether defendant nonetheless has waived its right to arbitration by its conduct, applying the standard established by the Eleventh Circuit.

Defendant filed its motion to compel arbitration several months after the complaint was filed, after retaining counsel and local co-counsel, and filing an answer, a Report of Parties' Planning Meeting, and an amended answer — albeit to assert an affirmative defense that plaintiff should be compelled to arbitrate her claims pursuant to the employment and arbitration agreements. Moreover, the motion to compel arbitration was not filed until almost one year after plaintiff and defendant had completed mediation, which, according to the November 6, 2001 employment agreement, was to occur before any claims would be submitted to arbitration. Viewed in the totality of the circumstances, defendant's conduct clearly was inconsistent with the assertion of its right to arbitrate, to plaintiff's detriment. *See Drexel Burnham Lambert, Inc. v. Warner*, 665 F. Supp. 1549, 1553 (S.D. Fla. 1987) ("Active participation in a lawsuit or other conduct inconsistent with the right to arbitrate may constitute waiver, because such actions reveal the party's disinclination to arbitrate

and prejudice the other parties by forcing them to bear the expenses of a trial.") (citing *E.C. Ernst, Inc. v. Manhattan Construction Co.*, 559 F.2d 268, 269 (5th Cir. 1977)).

Perhaps more significant to the court's determination that defendant's motion to compel arbitration should be denied as to plaintiff's remaining statutory claims, however, is the fact that all of the claims arise from the same factual basis. Because the court already has determined that, under the terms of the arbitration agreement, defendant has waived its right to arbitrate plaintiff's Title VII claims, compelling arbitration of plaintiff's § 1981, Fair Labor Standards Act and Equal Pay Act claims would be inefficient and would potentially produce inconsistent results.

Having concluded that defendant waived its right to arbitrate, plaintiff's remaining arguments need not be addressed.

For the foregoing reasons, defendant's motion to compel arbitration is due to be denied. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 19th day of November, 2002.

_____
United States District Judge